**THIERMAN BUCK, LLP**
Mark R. Thierman, Esq. (Nev. Bar No. 8285)
mark@thiermanbuck.com
Joshua D. Buck, Esq. (Nev. Bar No. 12187)
josh@thiermanbuck.com
Leah L. Jones, Esq. (Nev. Bar No. 13161)
leah@thiermanbuck.com
7287 Lakeside Drive
Reno, Nevada 89511
Telephone: (775) 284-1500
Fax: (775) 703-5027

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRANDY WELCH (formerly known as BRANDY ROODE) and HEATHER BLACKMUN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOLDEN GATE CASINO, LLC, d/b/a GOLDEN GATE HOTEL & CASINO; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:13-cv-01089-RFB-GWF<br><br>**PLAINTIFFS' MOTION FOR PROPOSED UPDATED DISCOVERY PLAN AND SCHEDULING ORDER SUBMITTED IN COMPLIANCE WITH FRCP 29 AND LOCAL RULES 6-1 AND 26-4**<br><br>(Fifth Request) |

The Plaintiffs, BRANDY WELCH (formerly known as BRANDY ROODE) and HEATHER BLACKMUN ("Plaintiffs"), hereby request an extension of scheduled deadlines pursuant to Federal Rule of Civil Procedure ("FRCP") 29 and Local Rules (LR) 6-1 and 26-4 and hereby submit this Updated Discovery Plan and Scheduling Order. The Parties request a 60-day extension on all remaining discovery deadlines.

This extension is sought in good faith and not for the purpose of undue delay or any other improper purpose. The Plaintiffs request this extension to allow the Court to issue a

written Order on Plaintiffs' Renewed Motion for Circulation of Notice (Doc. 65), Defendant's Second Renewed Motion to Dismiss (Doc. 69), and Defendant's Motion to Stay Plaintiffs' Renewed Motion for Circulation of Notice pending Defendant's Second Renewed Partial Motion to Dismiss (Doc. 70). The Court made preliminary statements and heard arguments of counsel regarding these motions on July 6, 2015. The Court took the matters under submission but has yet to issue a written Order. (Doc. 111.)  The Parties have also fully briefed Plaintiffs' Motion for FRCP 23 Class Certification (Doc. 92, 101, and 106), which has not been heard by the Court.

Both parties have provided significant written discovery in the form of multiple disclosures, and Plaintiffs having propounded and received answers to their first sets of Interrogatories, Requests for Admissions, and Requests for Production. Plaintiff took the depositions of Defendant's PMK(s) on September 9, 2014. Defendant propounded their first sets of Interrogatories and Requests for Production on March 12, 2015, which Plaintiffs answered on April 28, 2015. Additionally, Defendant deposed named Plaintiffs and two putative class members who have filed consents to sue the first week of May 2015. Pending outcome of the Court's decision on the Parties motions, additional discovery will be ongoing.

## **INTRODUCTION**

Plaintiffs BRANDY WELCH (formerly known as BRANDY ROODE) and HEATHER BLACKMUN ("Plaintiffs") filed the operative complaint April 2, 2014 (Doc. 64.) against Defendants GOLDEN GATE CASINO, LLC, d/b/a GOLDEN GATE HOTEL & CASINO. Defendant filed a Renewed Partial Motion to Dismiss Plaintiff's operative complaint April 28, 2014. *See* Doc. 69. This Motion has been fully briefed and is before the Court. *See also* Doc. 72 and Doc. 79.  Both parties have filed supplements to their motions. *See* Docs. 81, 84, and 87. Plaintiffs filed their renewed Motion for Circulation of Notice on April 2, 2014. *See* Doc. 65. The Court made preliminary statements and heard argument of counsel regarding these motions on July 6, 2015. The Court took the matters under submission but has yet to issue a written

THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com

Order. (Doc. 111.) The Parties have also fully briefed Plaintiffs' Motion for FRCP 23 Class Certification (Doc. 92, 101, and 106), which has not been heard by the Court.

The Plaintiffs request that the Court adopt the following proposed Discovery Schedule, which extends only the remaining deadlines, Section K - Discovery Cut Off, Section J – Dispositive Motions, and Section L – Joint Pre-Trial Order; these deadlines have not yet expired.

## PROPOSED DISCOVERY SCHEDULE

**I.**     **Rule 26(f) Conference**

**A.**     **Subjects upon which Discovery may be needed**. Discovery will be needed on all matters set forth in the SAC, including but not limited to the following themes: whether maintenance of a collective and/or class action is appropriate; policies and procedures relating to the various "off-the-clock" activities alleged in the operative complaint; policies and procedures relating to paying overtime at the incorrect rate; and relevant data that includes, but is not limited to the total number of class and subclass members, rates of pay for each class member, daily and weekly hours worked for each class member; and, time and motion analysis.

Plaintiffs submit that their proposed amended complaint sufficiently amends the class definitions based on the information exchanged in the settlement conference.

Defendant submits that the current class definitions are too broad, legally improper and would be completely unmanageable. The two named Plaintiffs were both employed in the position of Dancing Dealers. Their wage and hour causes of action involved alleged pre-shift meetings for the Dancing Dealers, training sessions for the Dancing Dealers and overtime for the Dancing Dealers. Therefore, Defendant submits that discovery should be limited to the individual Plaintiffs and the position of Dancing Dealers. Defendant submits that discovery related to other positions would be an improper and unsupported fishing expedition on the part of Plaintiffs' counsel.

A. **Subjects upon which Discovery may be needed**. Discovery will be needed on all matters set forth in the operative Second Amended Complaint and any defenses raised by Defendant Golden Gate, with the exceptions set forth herein.

B. **Limitations on Discovery**. The parties request only mild changes to the limitations imposed by the discovery rules under the FRCP. However, the parties do request relief from Local Rule 26-2 and thus request additional time to complete discovery given the nature of the issues involved in this case and the fact that Plaintiffs have asserted this case as a class and collective action. The parties agree to bifurcate discovery only as it relates to conditional and/or class wide liability and damages. Initially, discovery will be limited to liability and class certification issues. Only if the case is certified will there be class-wide discovery related to potential damages. Discovery as to the named plaintiffs will include all topics to avoid needless duplication of efforts later.

C. **Electronically Stored Information**. The parties anticipate that this action will involve some electronically stored information, namely, time data generated from Defendant's employee timekeeping system, the parties have agreed to preserve all relevant electronically-stored information.

D. **Privileged Materials**. The parties do not anticipate any issues regarding claims of privilege or of protection as trial-preparation materials at this time.

E. **Initial Disclosures.** The parties have exchanged initial disclosures pursuant to FCRP 26(a)(1)(c).

F. **Discovery Cut-Off Date.** The parties propose the following discovery cut-off date to complete all discovery related to the scope of any class and/or subclasses, merits, and liability: September 30, 2015. Given that the parties agree to bifurcate discovery on class wide damages, the parties respectfully reserve the right to re-open discovery if class or conditional certification is granted.

G. **Amendment of Pleadings and Addition of Parties**. The parties propose that the date for filing motions to amend pleadings or to add parties shall not be later than ninety

- 4 -
**UPDATED DISCOVERY PLAN AND SCHEDULING ORDER
(FIFTH REQUEST)**

(90) days prior to the discovery cut-off date, or May 1, 2015, unless otherwise permitted by the Court pursuant to the FRCP.

H. **Disclosure of Expert Witnesses.** The parties do not anticipate any liability experts. The parties do anticipate using damages experts if the case proceeds to a damages phase. In accordance with FRCP 26(a)(2) Plaintiffs identified their expert witness in their Expert Disclosure dated June 2, 2015, and Defendant, by stipulation (Doc. 110) timely filed identifying rebuttal experts on July 14, 2015.

I. **Motion to Dismiss.** Defendants filed a Renewed Partial Motion to Dismiss Plaintiff's operative complaint April 28, 2014. *See* Doc. 69. This Motion has been fully briefed and is before the Court. *See also* Doc. 72 and Docs. 79, 81, 84 and 87. Defendant submits that discovery should be stayed until the Motion to Dismiss has been decided. Plaintiffs submit that discovery should continue under the proposed deadlines. The Court took Defendant's Motion under submission but has yet to issue a written Order. (Doc. 111.)

J. **Dispositive Motions**. The parties propose that the filing of Dispositive Motions shall not be later than thirty (30) days after the discovery cut-off date, or October 30, 2015.

K. **Motion for Class Certification.** The parties have timely filed and fully briefed the Motion for Class Certification, which is before the Court.

L. **Pre-Trial Order.** The joint pretrial order must be filed no later than thirty (30) days after the deadline for filing dispositive motions, or November 30, 2015. In the event dispositive motions are filed, the pre-trial order is due within thirty (30) days after a ruling on the dispositive motions is entered.

M. **FRCP 26(a)(3) Disclosures.** The parties agree to include their disclosures required by FRCP 26(a)(3) and any objections thereto in the joint pretrial order.

N. **Final Pretrial Conference**. The parties propose that the Final Pretrial Conference be held two (2) weeks prior to the scheduled Trial Date.

/ / /

/ / /

O. **Trial Date.** Given that this action has been brought as a collective and class action, the parties believe setting a proposed trial date and length would be premature at this time.

DATED: August 10, 2016.

THIERMAN LAW FIRM

*/s/ Leah L. Jones*
Mark R. Thierman, Esq., Nev. Bar No. 8285
Joshua D. Buck, Esq., Nev. Bar No. 12187
Leah L. Jones, Esq., Nev. Bar No. 13161
7287 Lakeside Drive
Reno, Nevada 89511

*Attorneys for Plaintiffs*

**ORDER**

**IT IS SO ORDERED.**

Dated this 11th day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
GEORGE A. FOLEY