**THIERMAN BUCK LLP**
Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
7287 Lakeside Drive
Reno, Nevada 89511
Telephone: (775) 284-1500
Fax: (775) 703-5027
mark@thiermanbuck.com
josh@thiermanbuck.com
leah@thiermanbuck.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BRANDY WELCH (formerly known as BRANDY ROODE) and HEATHER BLACKMUN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOLDEN GATE CASINO, LLC, d/b/a GOLDEN GATE HOTEL & CASINO; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:13-cv-01089-RFB-GWF<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENTS**<br><br>**DATE:** January 3, 2017<br>**TIME:** 2:30 p.m.<br>**CTRM:** 7C<br>**JUDGE:** Hon. Richard F. Boulware, III<br>[Class Action] |

On <u>January 3, 2017</u>, the Court considered Plaintiffs' Motion for Final Approval of Collective and Class Action Settlement and for Attorneys' Fees and Costs and Class Representative Enhancement Payments and the papers submitted in support thereof. Leah L. Jones of Thierman Buck, LLP appeared on behalf of Plaintiffs, Brandy Hill (formerly known as Brandy Roode and formerly known as Brandy Welch) and Heather Blackmun, on behalf of themselves and all others similarly situated (hereinafter "Plaintiffs") and Peter F. Klett, III of Dickinson Wright PLLC appeared on behalf of Defendant, Golden Gate Casino, LLC. Having

considered Plaintiffs' Motion for Final Approval of Collective and Class Action Settlement and for Attorneys' Fees and Costs and Class Representative Enhancement Payments and the papers submitted in support thereof, in recognition of the Court's duty to make sure that a settlement, taken as a whole, is fair, reasonable, and adequate and when awarding attorney's fees in a class action, a court must make sure that counsel is fairly compensated for the amount of work done as well as for the results achieved, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. All terms used herein shall have the same meaning as defined in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Class Members.

3. Distribution of the Notice, Consent/Claim Form, and Exclusion Form directed to the Class Members as set forth in the Settlement Agreement and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and as otherwise set forth in the Settlement Agreement.  The Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process.  All Class Members and all Released Claims are covered by and included within the Settlement and the Court's Final Order and Judgment.

4. The Court hereby finds the Settlement was entered into in good faith.  The Court further finds that Plaintiffs have satisfied the standards and applicable requirements for final approval of this class action settlement

5. The Court hereby approves the Settlement set forth in the Settlement Agreement and finds the Settlement is, in all respects, fair, adequate and reasonable, and directs the Parties to effectuate the Settlement according to its terms.  The Court finds that the Settlement has been reached as a result of serious and non-collusive, arms-length negotiations.  The Court

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com

further finds the Parties have conducted extensive investigation and research, and counsel for the Parties are able to reasonably evaluate their respective positions. The Court also finds the Settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. The Court has reviewed the benefits that are being granted as part of the Settlement and recognizes the significant value to the Class Members. The Court also finds the Class is properly certified as a class for settlement purposes only. The Court also hereby finds there were no objections to the Settlement filed prior to or raised by any person on the record at the Final Approval Hearing that change the Court's decision to approve the Settlement.

6. As of the date of the Court's Final Order and Judgment, each and every Class Member is and shall be deemed to have conclusively released the Released Claims as against the Released Parties. As of the date of the Court's Final Order and Judgment, each and every Class Member who has not submitted a valid Request for Exclusion hereby releases and is forever barred and enjoined from instituting or prosecuting the Released Claims, except as to such rights or claims as may be created by the Settlement, against the Released Parties from December 17, 2009 up to and including the date of the Court's Final Order and Judgment. In addition, as of the date of the Court's Final Order and Judgment, each Class Member who has not submitted a valid Request for Exclusion is forever barred and enjoined from instituting or accepting damages or obtaining relief against the Released Parties relating to the Released Claims from December 17, 2009 up to and including the date of the Court's Final Order and Judgment.

7. Neither the Settlement nor any of the terms set forth in the Settlement Agreement is an admission by the Released Parties, nor is the Court's Final Order and Judgment Dismissing a finding of the validity of any claims in the Action or of any wrongdoing by the Released Parties. Neither the Court's Final Order and Judgment, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as, an admission by or against the Released Parties, of any fault, wrongdoing or liability whatsoever. The entering into or

carrying out of the Settlement Agreement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by the Released Parties, and shall not be offered in evidence in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of the Court's Final Order and Judgment, the Settlement Agreement, the Released Claims, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action, or submit in any other proceeding, the Court's Final Order and Judgment, the Settlement Agreement, and any other papers and records on file in the Action as evidence of the Settlement to support a defense of *res judicata*, *collateral estoppel*, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

8. The Court also hereby finds and orders that the Settlement Agreement is and constitutes a fair, reasonable and adequate compromise of the Released Claims against the Released Parties.

9. The Court hereby enters judgment in the Action, as of the date of entry of the Court's Final Order and Judgment, pursuant to the terms set forth in the Settlement Agreement. Without affecting the finality of the Court's Final Order and Judgment in any way, the Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement, and all orders entered in connection therewith.

10. The settlement in the maximum amount of Seven Hundred Fifty Thousand and 00/100 Dollars ($750,000.00) as reached between the Parties is found to be fair, reasonable and adequate in light of the facts and law presented in this case, and the Settlement is hereby granted final approval.

11. Thierman Buck, LLP are hereby appointed and designated as counsel for the Class Representatives and the Settlement Class ("Class Counsel"). Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts or consents required by or which may be given pursuant to the Settlement Agreement, and such other acts reasonably necessary

- 4 -

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT AND FOR ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENTS**

to consummate the Settlement Agreement.

12. Pursuant to the terms of the Settlement Agreement, and the authorities, evidence and argument submitted by Class Counsel, the Court hereby awards Class Counsel attorneys' fees in the amount of $250,000.00, and attorney costs in the amount of $25,000.00, to be deducted and paid from the Maximum Settlement Amount, as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel and any other person or entity related to the Action. The Court further orders that the award of attorneys' fees and costs set forth in this Paragraph shall be administered pursuant to the terms of the Settlement Agreement, and transferred and/or made payable to Class Counsel in the Action.

13. Plaintiffs are hereby appointed and designated, for all purposes, as the representatives of the Class ("Class Representatives").

14. The Court also hereby approves and orders Enhancement Awards to Class Representatives Brandy Hill (formerly known as Brandy Roode and formerly known as Brandy Welch) and Heather Blackmun in the amount of $10,000.00 each, to be paid from the Maximum Settlement Amount as set forth in the Settlement Agreement. The Court also hereby approves and orders Enhancement Awards to the two opt-in/deponents, Jessica Nunes and Mary Hernandez in the amount of $2,000.00 each.

15. The Court also hereby approves and orders payment from the Class Settlement for actual claims administration expenses incurred by the Claims Administrator, CPT Group, to be paid from the Maximum Settlement Amount as set forth in the Settlement Agreement.

**IT IS SO ORDERED**

Dated this  3rd  day of  January , 2017.



RICHARD F. BOULWARE, II
United States District Judge

**THIERMAN BUCK LLP**
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email: info@thiermanbuck.com www.thiermanbuck.com